# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0268V
UNPUBLISHED

| | |
|---|---|
| GAIL WARR,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: January 13, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Simina Vourlis*, Law Offices of Simina Vourlis, Columbus, OH, for petitioner.

*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On February 21, 2018, Gail Warr filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine received on October 1, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 7, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On January 13, 2020, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $<u>619,492.28</u>, representing compensation for life care expenses expected to be incurred during the first year after judgment ($211,141.74), lost earnings ($147,778.22),  pain and suffering ($250,000.00), and past unreimbursable expenses ($10,572.32), in the form of a check payable to Petitioner, Gail Warr.**

2. **A lump sum payment of $<u>40,518.02</u>, representing compensation for satisfaction of an Ohio Department of Medicaid lien, payable jointly to Petitioner and the Treasurer, State of Ohio, and mailed to:**

    Ohio Tort Recovery Unit
    350 Worthington Rd., Suite G
    Westerville, Ohio  43082
    Case Number: 1093122

3. **An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, beginning with compensation for Year Two (on the first anniversary of the date of the judgment) and all subsequent years, paid to the life insurance company from which the annuity will be purchased.  To clarify, the annuity will cover all items of compensation set forth in the life care plan and illustrated in the chart attached to the Proffer at Tab A, except those items of compensation for which payment will be made under #1 and #2 above.**

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                 <u>s/Brian H. Corcoran</u>
                                                 Brian H. Corcoran
                                                 Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| GAIL WARR,<br><br>            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | No. 18-268V   ECF<br>Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 3, 2020, respondent filed a Rule 4(c) Report conceding that entitlement to compensation was appropriate under the terms of the Vaccine Act. On January 7, 2020, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that Gail Warr ("petitioner") was entitled to vaccine compensation for her Guillain-Barré Syndrome. Respondent now proffers the following regarding the amount of compensation to be awarded.

**I.    Items of Compensation**

    A.    <u>Life Care Items</u>

The respondent engaged life care planner, Shelly Kinney, MSN, RN, CNLCP, CCM, and petitioner engaged Shanna Huber, RN, BSN, MSN/Ed, CCM, CLCP, CNLCP, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Gail Warr, attached hereto as Tab A.[1]

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

    B.    <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, petitioner has suffered past loss of earnings and will suffer a loss of earnings in the future.  Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for petitioner's lost earnings is $147,778.22.  Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $250,000.00 in actual pain and suffering.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    D.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $10,572.32.  Petitioner agrees.

    E.    <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy an Ohio Department of Medicaid lien in the amount of $40,518.02, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Ohio Department of Medicaid may have against any individual as a result of any Medicaid payments the Ohio Department of Medicaid has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about September 29, 2015, under Title XIX of the Social Security Act.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $619,492.28, representing compensation for life care expenses expected to be incurred during the first year after judgment ($211,141.74), lost earnings ($147,778.22), pain and suffering ($250,000.00), and past unreimbursable expenses ($10,572.32), in the form of a check payable to petitioner, Gail Warr.

B.  A lump sum payment of $40,518.02, representing compensation for satisfaction of an Ohio Department of Medicaid lien, payable jointly to petitioner and the Treasurer, State of Ohio, and mailed to:

> Ohio Tort Recovery Unit
> 350 Worthington Rd. Suite G
> Westerville, Ohio 43082
> Case Number: 1093122

Petitioner agrees to endorse this payment to the Treasurer, State of Ohio.

C.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

-3-

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Gail Warr, only so long as Gail Warr is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Gail Warr, is alive at the time that a particular payment is due.

---

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Gail Warr's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**    **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Gail Warr:    **$619,492.28**

    B.    Medicaid lien:    **$ 40,518.02**

    C.    An amount sufficient to purchase the annuity contract described above in section II.C.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357

Dated:  January 13, 2020

**Appendix A: Items of Compensation for Gail Warr**  Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2020 | Compensation Years 2-5 2021-2024 | Compensation Year 6 2025 | Compensation Year 7 2026 | Compensation Years 8-Life 2027-Life |
|---|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% |   | M | 1,735.20 | 1,735.20 | 1,735.20 | 1,735.20 | 1,735.20 |
| Medicare Part B Deductible | 5% | * |   |   |   |   |   |   |
| Medicare Adv | 5% |   | M | 4,152.00 | 4,152.00 | 4,152.00 | 4,152.00 | 4,152.00 |
| PT Eval | 4% | * |   |   |   |   |   |   |
| PT | 4% | * |   |   |   |   |   |   |
| OT Eval | 4% | * |   |   |   |   |   |   |
| OT | 4% | * |   |   |   |   |   |   |
| Therapeutic Counseling | 4% | * |   |   |   |   |   |   |
| Home Health Aide | 4% |   | M | 52,560.00 | 52,560.00 | 52,560.00 | 52,560.00 | 105,120.00 |
| Case Manager | 4% |   | M | 8,100.00 | 2,700.00 | 2,700.00 | 2,700.00 | 2,700.00 |
| PCP | 5% | * |   |   |   |   |   |   |
| Orthopedic Surgeon | 5% | * |   |   |   |   |   |   |
| Neurology | 5% | * |   |   |   |   |   |   |
| Urology | 5% | * |   |   |   |   |   |   |
| Home Mods | 4% |   |   | 105,090.00 |   |   |   |   |
| Van Conversion | 4% |   |   | 30,000.00 | 4,285.71 | 4,285.71 | 4,285.71 | 4,285.71 |
| Drivers Ed | 4% |   |   | 2,530.00 |   |   |   |   |
| Oxybutynin | 5% | * |   | 24.00 | 24.00 | 24.00 | 24.00 | 24.00 |
| Pads | 4% |   |   | 740.95 | 740.95 | 740.95 | 740.95 | 740.95 |
| Depends | 4% |   |   | 226.30 | 226.30 | 226.30 | 226.30 | 226.30 |
| Transfer Board | 4% | * |   |   |   |   |   |   |
| Compression Socks | 4% |   |   | 64.50 | 64.50 | 64.50 | 64.50 | 64.50 |
| Leg Weights | 4% |   |   |   |   | 20.72 |   |   |
| Wii | 4% |   |   | 699.00 |   | 699.00 |   |   |
| Power Lift Chair | 4% | * |   | 1,316.00 | 263.20 | 263.20 | 263.20 | 263.20 |
| Pellet Grill | 4% |   |   | 499.00 | 99.80 | 99.80 | 99.80 | 99.80 |
| Power Assist WC | 4% | * |   |   |   |   |   |   |
| Bariatric Electric WC | 4% | * |   |   |   |   |   |   |
| Roho Cushion | 4% | * |   |   |   |   |   |   |
| Hoyer Lift | 4% | * |   |   |   |   |   |   |
| Slings | 4% | * |   |   |   |   |   |   |
| Bedside Commode | 4% |   |   | 100.00 | 20.00 | 20.00 | 20.00 | 20.00 |
| Walker | 4% |   |   | 40.00 | 8.00 | 8.00 | 8.00 | 8.00 |
| Adj Mattress and Base | 4% |   |   | 3,249.00 | 324.90 | 324.90 | 324.90 | 324.90 |
| Reacher | 4% |   |   | 15.79 | 15.79 | 15.79 | 15.79 | 15.79 |
| Lost Future Earnings |   |   |   | 147,778.22 |   |   |   |   |
| Pain and Suffering |   |   |   | 250,000.00 |   |   |   |   |
| Past Unreimbursable Expenses |   |   |   | 10,572.32 |   |   |   |   |
| Medicaid Lien |   |   |   | 40,518.02 |   |   |   |   |
| Annual Totals |   |   |   | 660,010.30 | 67,220.35 | 67,940.07 | 67,220.35 | 119,780.35 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($211,141.74), lost earnings ($147,778.22), pain and suffering ($250,000.00), and past unreimbursable expenses ($10,572.32): $619,492.28.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and Treasurer, State of Ohio, as reimbursement of the state's Medicaid lien: $40,518.02.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.