# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-268V
(not to be published)

| | |
|---|---|
| GAIL WARR,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 15, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Simina Vourlis, Law Offices of Simina Vourlis, Columbus, OH, for Petitioner.*

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 21, 2018, Gail Warr filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome as a result of an influenza vaccine received on October 1, 2015. (Petition at 1). On January 13, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 80).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 5, 2020 (ECF No. 86), requesting a total award of $110,209.12 (representing $95,146.10 in fees and $15,063.02 in costs). In accordance with General Order #9, Petitioner filed a statement indicating that she incurred no out-of-pocket expenses. (ECF No. 87-1). Respondent did not file a response.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton,* 3 F.3d at 1522. Furthermore, special masters may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

**ATTORNEY FEES**

A.  Hourly Rates

Petitioner requests the following rates of compensation for the work of her attorney, Simina Vourlis: $424 per hour for 2017; $439 per hour for 2018; and $448 per hour for 2019. (ECF No. 86-1 at 43). Petitioner also requests paralegal rates of $138 per hour for 2017-2018, and $156 per hour for 2019. (*Id*). All of these rates are consistent with what Ms. Vourlis and her paralegals have been awarded for their work in the Vaccine Program in prior cases. Accordingly, no adjustment to the requested rates is necessary.

For time billed in 2020, Ms. Vourlis is requesting the increased rate of $467 per hour for her time billed, and the rate of $163 for time billed by her paralegals. Based on my experience in evaluating rates for Program work, I find the requested increase for time billed in 2020 to be reasonable and award it herein.

B.  Excessive Hours Billed

Attorney's fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the

3

hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours billed to this matter seem reasonable given the complexity of this case. However, a reduction of some time is necessary, to account for excessive time spent on certain tasks. For example, Ms. Vourlis billed time to review the CM/ECF notifications of all filings, including those filed by her own client, billing six minutes for each review. Ms. Vourlis then also billed for time devoted to the actual filing itself (i.e., Reports, orders, or minute entries), at a minimum of six minutes up to thirty minutes. In addition, Ms. Vourlis would bill between twelve to thirty minutes to prepare Petitioner's Notice of Filings for each of her exhibits. These documents consist of one-page indexes that should not take an experienced attorney thirty minutes to draft.

In total, Ms. Vourlis billed 17 hours (9.80 in 2018, 7 hours in 2019 and 2.2 hours in 2020) on such excessive or unnecessary matters. I find that a 50 percent reduction in recoverable time for this work is appropriate. This results in a reduction of attorney fees in the amount of **$4,234.80**.[3]

### C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries reflect tasks considered clerical or administrative. In the Vaccine Program, however, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

A total of 6.4 hours was billed by paralegals on tasks considered administrative, such as downloading and scanning documents, paying invoices, and mailing documents.

---

[3] This amount consists of ($439 x 9.80 hrs = $4,302.20) + ($448 x 7 hrs = $3,136) + ($467 x 2.20 hrs = $1,027.40) = $8,465.30 – 50% = $4,232.80.

I reduce the request for attorney fees in the amount of **$899.40**, reflecting time spent on such administrative matters.[4]

## ATTORNEY COSTS

Petitioner requests $15,063.02 in overall costs. (ECF No. 86 at 3). This amount is comprised of obtaining medical records, life care planner costs, financial planning costs and the Court's filing fee. I have reviewed the requested costs and find the overall amount to be reasonable, and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e).  Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$105,074.92** (representing $90,011.90 in attorney's fees and $15,063.02 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] This amount consists of ($138 x 5.5 hrs = $759) + ($156 x 0.9 hrs = $140.40) = $899.40.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.